IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., § § Plaintiff § § CIVIL ACTION NO. _____ vs. § § **JURY TRIAL DEMANDED** YELLOWPAGES.COM, LLC, § § Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff GEOTAG INC. ("Plaintiff") files this Original Complaint against Defendant YELLOWPAGES.COM, LLC ("Defendant"), and would respectfully show the Court as follows:

## I. THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the state of Delaware with its principal offices in Plano, Texas.

2. Upon information and belief, Defendant YELLOWPAGES.COM, LLC ("YELLOWPAGES.COM") is a Delaware corporation with a principal place of business in Dallas, Texas. YELLOWPAGES.COM may be served with process through its registered agent, CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent under 35 U.S.C. § 271 and § 281. This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

4. Plaintiff is informed and believes, and thereon alleges, that Defendant has committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District of Texas.

5.      Upon information and belief, Defendant has sufficient minimum contacts with the State of Texas and the Marshall Division of the Eastern District of Texas such that this Court has personal jurisdiction over Defendant and this is a fair and reasonable venue for the litigation of this action. Defendant has committed such purposeful acts and/or transactions in Texas that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity. Upon information and belief, Defendant has transacted business, and at the time of the filing of this Complaint is transacting business, within the Marshall Division of the Eastern District of Texas. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

6.      Further, venue of this action is appropriate and convenient in the Marshall Division because this Court previously heard a parallel action for infringement of the same '474 Patent-in-suit, in *Geomas (International), Ltd., et al. vs. Idearc Media Services-West, Inc., et al.*, Civil Action No. 2:06-CV-00475-CE, in the United States District Court for the Eastern District of Texas, Marshall Division ("the Geomas Lawsuit"). In the Geomas Lawsuit this Court considered and construed the terms and claims of the present patent-in-suit, as set forth in the Court's claim-construction (or *Markman*) Memorandum Opinion and Order issued on November 20, 2008.

### III.  PATENT INFRINGEMENT

7.      On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued. The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired. A true and correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by reference. Generally, the '474 Patent discloses systems and methods for integrating geographically

organized data with topical data to help Internet users find information on the Internet quickly and efficiently.  The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

8. By assignment, GEOTAG INC. is the owner of all right, title and interest in and to the '474 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '474 Patent by Defendant.

9. Upon information and belief, Defendant has manufactured, made, marketed, sold, and/or used computer networks, systems, products and/or services comprising all of the elements and limitations of one or more of the claims of the '474 Patent, and therefore Defendant has infringed one or more claims of the '474 Patent; and/or has induced and/or contributed to the infringement of one or more of the claims of the '474 Patent by others.

10. Defendant's infringing conduct is based, at least in part, on Defendant's making, using, distributing, and/or selling or offering for sale, a system for providing geographical and topical information to Internet users in a manner disclosed and protected against infringement by one or more claims of the '474 Patent.

11. More specifically, on information and belief, Defendant YELLOW PAGES.COM, without authority, consent, right, or license, and in direct infringement of the '474 Patent, manufactures, has manufactured, makes, has made, uses, has used, sells, has sold, offers for sale, has offered for sale, distributes, and/or has distributed, systems, products, and/or services infringing one or more claims of the '474 Patent, including those available on its website www.yellowpages.com.

12.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is thus liable to Plaintiff for damages in an amount that adequately compensates for Defendant's infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. In addition, Defendant's infringement has been willful thus entitling Plaintiff to additional damages as authorized by 35 U.S.C. §284.

13.     Upon information and belief, Defendant will continue its infringement of one or more claims of the '474 Patent unless enjoined by the Court. Defendant's infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 5,930,474 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d. That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of its services [which is the time of filing of Plaintiff's Complaint at the latest] and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

e. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

g. That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 5,930,474; and

h. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

|  |  |
|---|---|
| **Dated: July 26, 2010.** | Respectfully submitted, |

/s/ Jonathan T. Suder
State Bar No. 19463350
jts@fsclaw.com
David Skeels
State Bar No. 24041925
skeels@fsclaw.com
**FRIEDMAN, SUDER & COOKE, P.C.**
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401

Paul E. Knisely
State Bar No. 11614550
pek@knp-law.com
Thomas P. Prehoditch
State Bar No. 16245610
tpp@knp-law.com
Jason M. Panzer
State Bar No. 00797198
jpanzer@knp-law.com
**KNISELY, PREHODITCH & PANZER, P.C.**
9020 Capital of Texas Hwy. N.
Building I, Suite 300
Austin, Texas 78759
(512) 338-8800
(512) 338-8806 (fax)

**ATTORNEYS FOR PLAINTIFF**