IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG INC., § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 2:10-CV-272-TJW |
| v. § | |
| § | JURY TRIAL DEMANDED |
| YELLOWPAGES.COM, LLC, § | |
| § | |
| Defendant. § | |

**JOINT MOTION FOR ENTRY OF DISCOVERY ORDER
AND DOCKET CONTROL ORDER [CORRECTED]**

Pursuant to the Court's January 20, 2011 Order, Plaintiff GeoTag Inc. ("GeoTag") and Defendant Yellowpages.com, LLC ("YP.com") respectfully submit their proposed Docket Control Orders (Exhibits 1 and 3) and proposed Discovery Orders (Exhibits 2 and 4). The parties have agreed on all dates except two: the deadline for document production (other than production under the Patent Rules) in the proposed Discovery Order and the deadline for compliance with Patent Rule 3-3 and 3-4 in the proposed Docket Control Order. GeoTag proposes a deadline for mandatory disclosures of May 23, 2011, and YP.com proposes a rolling production to start as early in May 2011 as practicable and to be completed no later than August 31, 2011. As for the 3-3 and 3-4 disclosures, GeoTag proposes a deadline of May 6, 2011, and YP.com proposes a deadline of June 30, 2011.

**GeoTag's position statement:**   Plaintiff requests a mandatory disclosure deadline of May 23, 2011. As part of the meet and confer process, Plaintiff proposed a compromise position deadline for a "good faith, diligent production of mandatory disclosure documents" on May 23, 2011, "with such production being supplemented as necessary until a June 30, 2011 deadline for

mandatory disclosures." However, Defendant rejected this compromise, stating that it cannot make a "substantial" production in May 2011.

This case has been on file since July 2010, and Defendant's experienced counsel have been aware of this Court's mandatory disclosure procedures from the onset. Plaintiff respectfully submits that Defendant merely seeks to delay document production for purposes of delay. The "rolling production" advocated by Defendant from late May through August 31, 2011 is very likely to result in a document dump on or shortly before August 31st. When asked what was meant by "rolling production," Defendant responded that, "by rolling production we mean we're going to get started as soon as practicable and not wait until the deadline. We're not going to drag our feet." Such vague assurances lack substance, and an actual court deadline is needed to ensure diligent efforts are promptly undertaken.

Plaintiff understands that this Court expects parties to prepare and develop their cases early on. However, this policy would be frustrated by the document production schedule proposed by Defendant. Among other things, Plaintiff cannot meaningfully engage in depositions until documents are produced and reviewed. Likewise, meaningful interrogatory discovery is frustrated by the lack of document production, as Defendant will likely object to interrogatories as being premature and seek to rely upon Rule 33(d) relative to documents not yet produced. Thus, Defendant's proposal effectively shuts this case down through September 2011 (assuming that Defendant actually makes a diligent production by August 31st). Further, once Plaintiff is afforded a reasonable time to review Defendant's document production, it is likely depositions would be frustrated at least through the end of 2011, since it's almost impossible to schedule depositions from mid-November through the end of the year due to everyone's various holiday/religious/family commitments.

Defendant presents a selective survey of agreed discovery orders to suggest that this Court's procedures should follow the perceived popular vote.  Regrettably, Plaintiff did not receive this survey information in sufficient time to conduct a broader survey of its own.  Regardless, without examining the specific facts of the cases cited by Defendant, it is impossible to determine why the parties in those cases agreed to specific document production dates, or what other compromises were made in connection with those agreements.  Certainly, however, agreements in unrelated cases should not dictate this Court's policies and procedures.

Plaintiff also proposes a deadline for Defendant's PR 3-3 and 3-4 disclosures of May 6, 2011.  This date is forty-five days after Plaintiff's PR 3-1 disclosures, which accords with the schedule set forth in the Patent Rules.  As part of the meet and confer process, Plaintiff offered to delay Defendant's PR 3-3 invalidity contention disclosures and accompanying 3-4(b) prior art document disclosures until June 30, 2011, provided that Defendant makes its PR 3-4(a) technical disclosures (i.e., documents sufficient to show how the Accused Instrumentalities work) by May 23, 2011.  May 23rd is also the date suggested above by Plaintiff for the parties' mandatory disclosures.  However, Defendant refuses to make its PR 3-4(a) technical disclosures in a reasonable time frame.  Rather, Defendant insists on delaying its PR 3-3, 3-4(a) and 3-4(b) disclosures until June 30, 2001, which is 100 days after Plaintiff's PR 3-1 disclosures.  There is no good cause for delaying Defendant's PR 3-4(a) technical disclosures so long, and it prejudices Plaintiff's ability to use this critical information early in the case, as contemplated by the Patent Rules.  Defendant's opposition to producing critical PR 3-4(a) technical documents by May 2011 is also insightful as to whether Defendant has any good faith intention of producing substantial documents prior to August 31, 2011.

Defendant states that it may want to take discovery in support of its 3-3 invalidity contention disclosures. However, Defendant can amend its 3-3s for good cause if such discovery provides it. The fact that a Defendant states that it may want to take third-party discovery on some potential prior art is no reason to delay its entire 3-3/3-4 deadline by 60 days. In addition, Plaintiff finds it ironic that Defendant intends to benefit from third-party discovery early in the case, while Defendant simultaneously seeks to prejudice Plaintiff by delaying its own document production until August 31, 2011.

Further, Defendant suggests it is advisable to sync its invalidity contention disclosures with those of the Defendants in the *Geotag v. Frontier Communications, et al.* case, No. 2:10-CV-265-TJW, also pending before this Court. In this regard, Defendant points out that Geotag and the *Frontier* defendants agreed upon a 3-3 invalidity contention disclosure deadline of June 30, 2011 for that case. However, Geotag and the *Frontier* defendants also agreed that those defendants would make their 3-4(a) technical disclosures in May, a compromise which (as noted above) this Defendant refused. Geotag and the *Frontier* defendants entered into a reasonable compromise which provides for deadlines beyond those imposed by the Patent Rules. Since Defendant has unreasonably refused the same agreement, its deadlines should be the default deadlines set forth in the Patent Rules.

Plaintiff thus respectfully submits that its proposal is reasonable and should be adopted; and that Defendant's proposal is inappropriate and unwise, and should be rejected. Plaintiff's proposed Docket Control Order is Exhibit 1 to this Motion, and Plaintiff's Proposed Discovery Order is Exhibit 2 to this Motion. The areas of difference between Plaintiff and Defendant are bolded.

**YP.com's position statement**:  YP.com respectfully requests that document production under paragraph 2 of the proposed Discovery Order be conducted on a rolling basis, starting as early in May 2011 as practicable and completed by August 31, 2011.  This completion date – only approximately 90 days after that proposed by GeoTag – is more than two years before trial of this case, and still more than seven months before the next proposed deadline in the docket control order (April 6, 2012, the deadline to amend pleadings without leave and to join additional parties).  Both sides will have ample time to review the produced documents, supplement if appropriate, conduct depositions, and serve any additional written discovery.  YP.com has already begun its document collection process; but collecting, reviewing for privilege and relevance, and preparing for production with Bates numbers and the appropriate format are all time-consuming.  This case in particular warrants additional time for document collection:  the patent was issued in 1999, twelve years ago, and the development history of the site that is currently www.yp.com dates back even further.  YP.com, an AT&T entity, is one of the longest-standing and largest Internet Yellow Pages networks.  Document production in this case will not be insubstantial, and YP.com's proposal is reasonable.

YP.com notes that the Court's standard order provides no default date for the document production deadline; the parties are instead to meet and confer to determine an appropriate date under the facts of the case.  And as the Court is aware, parties routinely reach agreement on this date, normally in the time frame YP.com, not GeoTag, is seeking.

For example, the status conference in this case was held on February 16, 2011, along with numerous other cases.  Of the ten cases that have returned discovery orders to the Court as of March 8, 2011, as noted below, all but this one have reached agreement on the document production date, and most of the agreed dates on those cases are closer to YP.com's date than

GeoTag's date.  While the dates range from May to November 2011, only two are in May, and six of the ten are in August or later.[1]  Notably, both cases with a document production deadline

---

[1]

| CASE NAME AND NUMBER | DEADLINE TO PROVIDE ADDITIONAL DISCLOSURES |
|---|---|
| *Regent Markets Group, Ltd. v. IG Markets, Inc.*, 2:10-CV-42 EDTX Marshall Division | August 26, 2011   (Docket No. 27-2) |
| *Dram Technologies, LLC v. America II Group, Inc.*, 2:10-CV-45 EDTX Marshall Division | May 17, 2011 (Docket No. 207) |
| *Transunion Intelligence LLC v. Search America, Inc.*, 2:10-CV-130 EDTX Marshall Division | October 21, 2011 (Docket No. 45-1) |
| *First American Corelogic, Inc. v. Fiserv, Inc.*, 2:10-CV-132 EDTX Marshall Division | May 31, 2011 (Docket No. 107-2) |
| *DE Technologies, Inc. v. E4X, Inc., et al*, 2:10-CV-139 EDTX Marshall Division | August 5, 2011 (Docket No. 33-1) |
| *John B. Adrain v. Vigilant Video, Inc. et al*, 2:10-CV-173 EDTX Marshall Division | September 20, 2011 (Docket No. 50) |
| *The Quantum World Corp. v. Dell Inc. et al*, 2:10-CV-187 EDTX Marshall Division | Production to be substantially complete by August 1, 2011 with remaining documents by November 1, 2011 (Docket Nos. 54 & 55) |
| *Trontech Licensing Incorporated v. Epson America, Inc.*, 2:10-CV-218 EDTX Marshall Division | July 29, 2011 (Docket No. 59-1) |
| *Webvention LLC v. Abercrombie & Fitch, Co.*, 2:10-CV-253 EDTX Marshall Division | August 28, 2011 (Docket No. 176) |
| *OPTi Inc. v. Silicon Integrated Systems Corp. et al*, 2:10-CV-279 EDTX Marshall Division | July 15, 2011 (Docket No. 26) |

in May, as GeoTag proposes here, have Markman hearings and trial months before the settings in this case.[2]

A document production deadline of August 31, 2011, will not unduly thwart the progression and development of this case. GeoTag's fears are groundless: it has no basis to predict that YP.com will refuse to answer interrogatories until document production is complete, fail to make a rolling production, fail to produce documents by the deadline, or make depositions impossible for an entire month-and-a-half at the end of the year. YP.com did not agree to the proposal GeoTag discusses above because of its concern that a substantial production in May was not feasible, but it proposes to begin production early in May 2011 as practicable and will work diligently and in good faith to produce documents on a rolling basis. Plus, even under YP.com's proposal, the parties will exchange infringement contentions and invalidity contentions and accompanying document production, including documents sufficient to show how the accused technology operates, over the next few months. The additional three months that YP.com seeks to complete document production will still give both sides plenty of time to prepare this case for a Markman hearing in December 2012 and trial in September 2013.

YP.com respectfully asks the Court to enter an order that the additional disclosures required under paragraph 2 of the proposed Discovery Order begin as early in May 2011 as practicable, and be completed by August 31, 2011.

---

[2] *See Dram Technologies, LLC v. America II Group, Inc.*, 2:10-CV-45, (E.D. Tex.), Docket Control Order (Docket No. 208) (setting Markman hearing for May 22, 2012 [almost six months before the Markman hearing in the GeoTag-YP case], and jury selection for April 1, 2013 [about five months before trial in the GeoTag-YP case]); *First American Corelogic, Inc. v. Fiserv, Inc.*, 2:10-CV-132, (E.D. Tex.), Agreed Motion for Entry of Docket Control Order and Discovery Order, Attachment 1 (Docket No. 107) (noting that trial is set for August 6, 2012 [over a year before trial in the GeoTag-YP case], and the Markman hearing is March 7, 2012 [about nine months before the Markman hearing in the GeoTag-YP case]).

YP.com also believes that June 30, 2011 – which is less than sixty days from the default deadline in the Patent Local Rules – is an appropriate and reasonable date for service of its invalidity contentions and accompanying production. The prior art in this case will not only come from public sources, but from companies like YP.com and other online directory providers that have been in the business for over a decade. YP.com anticipates that it will need to serve at least one subpoena for prior art materials and is in the process of collecting its own development materials; while YP.com is moving forward on these matters, it believes that its prior art collection may not be complete by the date GeoTag proposes. YP.com also anticipates that GeoTag's infringement contentions will be broad and that YP.com may need the requested time to make its "sufficient to show" production under P.R. 3-4(a).

YP.com also anticipates working with the defendants in the case GeoTag filed against other online directory providers, 2:10-cv-265 ("the Frontier action"), and understands that the parties in that case have agreed to a deadline for invalidity contentions of June 30, 2011 – the same date that YP.com seeks in this case. The Court will benefit from a more robust review of prior art that will likely result from combining the resources of the defendants in this case and in the Frontier action. GeoTag will suffer no prejudice by waiting an additional eight weeks for the invalidity contentions and document production, given that the next proposed patent deadline in the case (compliance with P.R. 4-1) is not until July 2012, over a year after YP.com's proposed date for invalidity contentions, and given a Markman hearing date in December 2012.

Defendant's proposed Docket Control Order is Exhibit 3 to this Motion, and Defendant's Proposed Discovery Order is Exhibit 4 to this Motion. The areas of difference between Defendant and Plaintiff are bolded.

Dated: March 10, 2011

s/ Timothy S. Durst
Timothy S. Durst
Lead Attorney
Texas Bar No. 00786924
tim.durst@bakerbotts.com
Susan Cannon Kennedy
Texas Bar No. 24051663
susan.kennedy@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas  75201-2980
Telephone: 214-953-6500
Facsimile: 214-953-6503

Christopher W. Kennerly
Texas Bar No. 00795077
chris.kennerly@bakerbotts.com
BAKER BOTTS L.L.P.
620 Hansen Way
Palo Alto, California 94304
Telephone: 650-739-7502
Facsimile: 650-739-7601

Benjamin R. Johnson
Texas Bar No. 24065495
ben.johnson@bakerbotts.com
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, TX   78701-4078
Telephone: 512-322-2500
Facsimile: 512-322-2501

Lawrence Augustine Phillips
Texas Bar No. 15937755
larryphillips@siebman.com
SIEBMAN, BURG, PHILLIPS, & SMITH LLP
300 N. Travis Street
Sherman, TX 75090-9969
Telephone:  903-870-0070
Facsimile:  903-870-0066

Respectfully submitted,

COLLINS, EDMONDS & POGORZELSKI, PLLC

By: /s/ John J. Edmonds
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Michael J. Collins
Texas Bar No. 4614510
Stephen F. Schlather
Texas Bar No. 24007993
COLLINS, EDMONDS & POGORZELSKI, PLLC
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@cepiplaw.com
mcollins@cepiplaw.com
sschlather@cepiplaw.com

Charles van Cleef
COOPER & VAN CLEEF, PLLC
500 N Second St.
Longview, TX 75601
(903) 248-8244
(903) 248-8249 fax
charles@coopervancleef.com

ATTORNEYS FOR PLAINTIFF
GEOTAG, INC.

Michael C. Smith
Texas Bar No. 18650410
michaelsmith@siebman.com
SIEBMAN, BURG, PHILLIPS, & SMITH LLP
113 E. Austin Street
P.O. Box 1556
Marshall, TX 75671
Telephone: 903-938-8900
Facsimile: 903-767-4620

ATTORNEYS FOR
YELLOWPAGES.COM LLC

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

March 10, 2011                                                     /s/ John J. Edmonds
                                                                               John J. Edmonds