IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

GEOTAG INC.

v.                                                   NO. 2:10-CV-272-TJW

YELLOWPAGES.COM LLC                                  JURY

## DISCOVERY ORDER

After review of the pleaded claims and defenses in this action, and in furtherance of the

management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following

Discovery Order:

1. **Disclosures.** By March 22, 2011, and without awaiting a discovery request, each party
   shall disclose to every other party the following information:

   A.    the correct names of the parties to the lawsuit;
   B.    the name, address, and telephone number of any potential parties;
   C.    the legal theories and, in general, the factual bases of the disclosing party's claims
         or defenses (the disclosing party need not marshal all evidence that may be
         offered at trial);
   D.    the name, address and telephone number of persons having knowledge of relevant
         facts, a brief statement of each identified person's connection with the case, and a
         brief, fair summary of the substance of the information known by such person;
   E.    any indemnity and insuring agreements under which any person or entity may be
         liable to satisfy part or all of a judgment entered in this action or to indemnify or
         reimburse for payments made to satisfy the judgment;
   F.    any settlement agreements relevant to the subject matter of the action; and
   G.    any statement of any party to the litigation.

2. **Additional Disclosures.**  Each party shall provide to every other party the following
   information:

   A.    the disclosures required by the Court's Patent Rules in accordance with the
         deadlines set forth in said rules and the Court's Docket Control Order;
   B.    by June 13, 2011, and without awaiting a discovery request, a copy of all
         documents, data compilations and tangible things in the possession, custody, or
         control of the party that are relevant to the claims or defenses involved in this
         action, except as set forth below and to the extent these disclosures are governed
         by the deadlines set forth in the Court's Docket Control Order, in which case the
         deadlines set forth below or in the Docket Control Order apply; and

C.    By the deadline set forth in paragraph B above, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.  **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.    the expert's name, address, and telephone number;
B.    the subject matter on which the expert will testify;
C.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:
    (a)  all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and
    (b)  the disclosure required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.
D.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information.

4.  **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 2, together with the following:

A.    **Requests for Admissions.**  Each party may serve 40 requests for admissions in accordance with the Federal Rules of Civil Procedure.  Notwithstanding this limitation, each party shall be allowed unlimited requests for admission for the purpose of authenticating documents.

B.    **Interrogatories.**  Each party may serve 30 interrogatories in accordance with the Federal Rules of Civil Procedure.

C.    **Depositions.**  The parties may take depositions in accordance with the Federal Rules of Civil Procedure.  Each party may take up to 48 hours of 30(b)(6) and employee depositions of the other party and 120 hours of depositions total of fact witnesses.

D.    **Depositions on Written Questions and Document Subpoenas.** The parties may serve document subpoenas and depositions on written questions of custodians of business records for third parties in accordance with the Federal Rules of Civil Procedure.

5.  **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection, except that the parties need not log privileged or work-product documents created on or after July 26, 2010. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.

6.  **Expert materials.** Federal Rule of Civil Procedure 26, as amended on December 1, 2010, applies to this Action.

7.  **Pre-trial Disclosures**. By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

    A.  The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
    B.  The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
    C.  An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    Within 10 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefor, that may be made to the admissibility of material identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

8.  **Signature**. The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

9.  **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to promptly supplement or correct its disclosures if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Disputes**.
   (a)   Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.
   (b)   Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

11. **Form of Production.** The parties agree that discovery materials will be produced in this case as follows:

   (i)   Paper as single-page TIFFs with load files, and with OCR if generated by the producing party for its own use.

   (ii)   Electronic documents as single page TIFFs with load files, extracted text (if reasonably available), and metadata showing author, create date, and last edit date, or, in the case of e-mail, send date, subject, to, from, and cc. Production of electronic documents with metadata shall not constitute an admission that such metadata is accurate.

   (iii)   Unmanageably large and/or unusually formatted electronic documents, such as spreadsheets, databases, log files, and large-scale schematic diagrams, shall be produced to the extent practicable as partial exemplars, so long as the producing party identifies them as such. The receiving party may identify any such exemplars for production in full, in which case the producing and receiving parties shall confer to determine the most practicable format for such production. If the parties are unable to agree on a format for such production, then the document shall be produced in full as a single page TIFFs in the manner prescribed for other electronic documents.

12. **Protective Orders.** The court will enter the parties' Agreed Protective Order.

13. **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its

disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

14.   **Filings**.   Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.


SIGNED this 17th day of March, 2011.


_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE