**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **GEOTAG INC.,** | § § § | |
| *Plaintiff*, | § | |
| vs. | § § | Civil Action No. 2:10-cv-00272-DF |
| **YELLOWPAGES.COM LLC,** | § | Jury Trial Demanded |
| **AT&T INC., and AT&T SERVICES, INC.** | § § § § | |
| *Defendants*. | § | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiff GEOTAG INC. ("Plaintiffs") files this First Amended Complaint against Defendants YELLOWPAGES.COM, LLC and AT&T INC. ("Defendants"), and would respectfully show the Court as follows:

**I.     PARTIES**

1.     Plaintiff GEOTAG INC. ("GEOTAG DELAWARE") is a corporation that, until recently, was organized and existing under the laws of the state of Delaware with its principal offices in Frisco, Texas.

2.     On or about October 10, 2011, GEOTAG DELAWARE was merged into a new entity, GEOTAG TEXAS, pursuant to an Agreement and Plan of Merger. GEOTAG TEXAS is the surviving entity of the merger and GEOTAG DELAWARE no longer exists as a result of the merger. All title, rights and interests in the '474 patent-in-suit, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent have been transferred from GEOTAG DELAWARE to GEOTAG TEXAS in connection with the merger. Pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, this

action may be continued by GEOTAG DELEWARE until the Court orders a substitution of GEOTAG TEXAS for GEOTAG DELAWARE.

3. Defendant YELLOWPAGES.COM, LLC ("YELLOWPAGES.COM") is a Delaware corporation with a principal place of business in Dallas, Texas. YELLOWPAGES.COM may be served with process through its registered agent, CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201.

4. Defendant AT&T Inc. ("AT&T") is a corporation organized and existing under the laws of the state of Delaware with its principal offices in Dallas, Texas. AT&T may be served with process through its registered agent, CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201.

5. Defendant AT&T Services, Inc. ("AT&T SERVICES") is a Delaware corporation having its principal place of business at One AT&T Plaza, 208 South Akard Street, Dallas, Texas 75202. AT&T SERVICES may be served with process through its registered agent, CT Corporation System, 350 North St. Paul St., Suite 2900, Dallas, Texas 75201. AT&T SERVICES is a wholly-owned subsidiary of AT&T and, upon information and belief, AT&T directs and/or controls AT&T SERVICES such that AT&T SERVICES constitutes an agent of AT&T Inc. AT&T and AT&T SERVICES are collectively referred to herein as the "AT&T DEFENDANTS."

## II.     JURISDICTION AND VENUE

6. This is an action for infringement of a United States patent under 35 U.S.C. § 271 and § 281. This Court has exclusive jurisdiction of such action under 28 U.S.C. § 1338(a).

7. Defendants have committed acts of patent infringement alleged herein within the Marshall Division of the Eastern District of Texas.

8. The Defendants are subject to the personal jurisdiction of this Court because, upon information and belief, (1) each of them has designated an agent for service of process in the State of Texas; (2) the Defendants have committed acts of infringement in the State of Texas and in this judicial district as alleged below; and/or (3) the Defendants are engaged in continuous and systematic activities in the State of Texas and in this judicial district. Therefore, this Court has personal jurisdiction over the Defendants under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE §17.042. In addition, venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

9. On July 27, 1999, United States Patent No. 5,930,474 ("the '474 Patent") was duly and legally issued. The '474 is titled "Internet Organizer for Accessing Geographically and Topically Based Information" and is directed to a software interface which organizes information based on the geographical area of the resources about which the information is desired. A true and correct copy of the '474 Patent is attached hereto as Exhibit "A" and incorporated herein by reference. Generally, the '474 Patent discloses systems and methods for integrating geographically organized data with topical data to help Internet users find information on the Internet quickly and efficiently. The invention also allows a seller to make his goods or services available upon a user-search predicated on varying geographic levels (*e.g.,* city, state, *etc.*).

10. By assignment, GEOTAG DELAWARE was the owner of all title, rights and interests in and to the '474 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '474 Patent. As stated above, GEOTAG DELAWARE was merged into GEOTAG TEXAS, and all title, rights and interests in the `474 patent-in-suit, including all rights to enforce and prosecute actions

for infringement and to collect damages for all relevant times against infringers of the '474 Patent have been transferred from GEOTAG DELAWARE to GEOTAG TEXAS in connection with the merger.

11. YELLOWPAGES.COM owns and/or operates the website "yellowpages.com" and is the registrant of that domain name. YELLOWPAGES.COM has made and used computer networks, systems, and services in connection with the yellowpages.com website infringing one or more of the claims of the '474 Patent.

12. The AT&T DEFENDANTS own, operate and/or control various websites, including the website att.com and the website connecttoatt.com. In particular, AT&T, Inc.'s filings with the United States Securities and Exchange Commission state that AT&T, Inc. "maintain[s] an Internet website at www.att.com." AT&T, Inc., is the registrant of this domain name. AT&T SERVICES is listed as the registrant of the website connecttoatt.com. The AT&T DEFENDANTS have made and used computer networks, systems, and methods in connection with the att.com and connecttoatt.com websites as well as other websites they control infringing one or more of the claims of the '474 Patent.

13. YELLOWPAGES.COM's infringing conduct is based, at least in part, on making and using systems and methods for providing geographical and topical information to Internet users through the yellowpages.com website in a manner which infringes one or more claims of the '474 Patent.

14. The AT&T DEFENDANTS' infringing conduct is based, at least in part, on making and using systems and methods for providing geographical and topical information to Internet users through the att.com, connecttoatt.com and other websites in a manner which infringes one or more claims of the '474 Patent, including making and using systems and methods for enabling

Internet users to find AT&T stores and career opportunities available within the AT&T corporate structure.

15. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiff for damages in an amount that adequately compensates for Defendants' infringement, *i.e.*, in an amount that by law cannot be less than would constitute a reasonable royalty for the use of the patented technology, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. In addition, Defendants' infringement has been willful thus entitling Plaintiff to additional damages as authorized by 35 U.S.C. §284.

17. Upon information and belief, Defendants will continue its infringement of one or more claims of the '474 Patent unless enjoined by the Court. Defendants' infringing conduct thus causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## IV.   JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

1. Defendants have infringed the patents-in-suit;

2. Defendants account for and pay to Plaintiffs all damages caused by their respective infringement of the patents-in-suit; and

3. Plaintiffs be granted pre-judgment and post-judgment interest on the damages caused to it by reason of one or more of Defendants' patent infringement;

4. The Court declare this an exceptional case and that Plaintiffs be granted their reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

5. Costs be awarded to Plaintiffs; and

6. Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:  October 25, 2011

Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By: */s/ Christopher M. Joe*
Christopher M. Joe *(Lead Counsel)*
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Eric W. Buether
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Brian A. Carpenter
State Bar No.  03840600
Brian.Carpenter@BJCIPLaw.com
Mark D. Perantie
State Bar No. 24053647
Mark.Perantie@BJCIPLaw.com
Niky Bukovcan
WA State Bar No. 39403
Niky.Bukovcan@BJCIPLaw.com

1700 Pacific Avenue
Suite 2390
Dallas, Texas  75201
Telephone:   (214) 466-1272
Facsimile:   (214) 635-1828

*ATTORNEYS FOR PLAINTIFF GEOTAG INC.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 25th day of October 2011.  Any other counsel of record will be served by facsimile transmission and first class mail.

                                           */s/ Christopher M. Joe*
                                           Christopher M. Joe