IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| GEOTAG, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:10-CV-272-MHS |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| YELLOWPAGES.COM, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT YELLOWPAGES.COM, LLC'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS TO
PLAINTIFF GEOTAG, INC.'S FIRST AMENDED COMPLAINT**

Defendant Yellowpages.com, LLC ("YP") files this First Amended Answer and Counterclaims to Plaintiff GeoTag, Inc.'s[1] ("Plaintiff") First Amended Complaint ("Complaint"). *See* Dkt. No. 50.

YP denies anything in Plaintiff's Complaint that is not expressly admitted.

**THE PARTIES**

1.  YP is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 1 of the Complaint.

2.  YP is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3.  YP admits that it is a Delaware limited liability company having its principal place of business at 611 North Brand Boulevard, Glendale, CA 91203. YP admits that it may be served with process through its registered agent, CT Corporation System, 350 North St. Paul

---

[1] On November 1, 2011, the Court entered an order substituting GeoTag, Inc. in place of GeoTag Inc. as the named plaintiff. *See* Dkt. No. 56

**DEFENDANT YELLOWPAGES.COM, LLC'S FIRST AMENDED ANSWER AND
COUNTERCLAIMS TO PLAINTIFF GEOTAG, INC.'S FIRST AMENDED COMPLAINT           PAGE 1**

Street, Suite 2900, Dallas, Texas 75201. YP denies the remainder of the allegations contained in paragraph 3 of the Complaint.

4. Plaintiff dismissed its claims against Defendants AT&T Inc. and AT&T Services, Inc. (collectively, the "Other Defendants") on January 9, 2012; therefore, no response to the allegations contained in paragraph 4 of the Complaint is required.

5. Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 5 of the Complaint is required.

## JURISDICTION AND VENUE

6. YP admits that Plaintiff purports to pursue an action for infringement of a United States patent under the United States patent laws and that the Complaint alleges that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a). YP denies that the Complaint states a valid cause of action of infringement against YP and specifically denies any wrongdoing or infringement.

7. YP denies the allegations contained in paragraph 7 of the Complaint as to YP. Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 7 of the Complaint, to the extent they relate to the Other Defendants, is required.

8. YP admits that it is subject to personal jurisdiction in this Court and that venue is proper in this Court as to YP. YP admits that it has designated an agent for service of process in the State of Texas. YP denies the remaining allegations in paragraph 8 of the Complaint as to YP. Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 8 of the Complaint, to the extent they relate to the Other Defendants, is required.

## ALLEGED PATENT INFRINGEMENT

9. YP admits that United States Patent No. 5,930,474 ("the '474 Patent") bears an issue date of July 27, 1999, and is entitled "Internet Organizer for Accessing Geographically and Topically Based Information."  YP denies that a copy of the '474 Patent is attached to the Complaint as Exhibit A.  As for the remainder of paragraph 9, the terms of the '474 Patent will be construed by this Court, and YP denies any remaining allegations contained in paragraph 9 of the Complaint.

10. YP is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. YP admits that it operates the website "yellowpages.com" and is the registrant of that domain name.  YP denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 12 of the Complaint is required.

13. YP denies the allegations contained in paragraph 13 of the Complaint.

14. Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 14 of the Complaint is required.

15. YP denies the allegations contained in paragraph 15 of the Complaint as to YP and denies that Plaintiff is entitled to any of the relief requested in paragraph 15 of the Complaint or to any relief in any form whatsoever from YP.  Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 15 of the Complaint, to the extent they relate to the Other Defendants, is required.

16.     YP denies the allegations contained in paragraph 16 of the Complaint as to YP and denies that Plaintiff is entitled to any of the relief requested in paragraph 16 of the Complaint or to any relief in any form whatsoever from YP.  Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 16 of the Complaint, to the extent they relate to the Other Defendants, is required.

17.     YP denies the allegations contained in paragraph 17 of the Complaint as to YP and denies that Plaintiff is entitled to any of the relief requested in paragraph 17 of the Complaint or to any relief in any form whatsoever from YP.  Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations contained in paragraph 17 of the Complaint, to the extent they relate to the Other Defendants, is required.

## JURY DEMAND

YP admits that Plaintiff requests a trial by jury.

## PLAINTIFF'S PRAYER FOR RELIEF

YP denies that Plaintiff is entitled to any of the relief requested in the section of the Complaint entitled Prayer for Relief or to any relief in any form whatsoever from YP.  Plaintiff's Prayer should, therefore, be denied in its entirety and with prejudice as to YP, and Plaintiff should take nothing from YP.  YP further denies each and every allegation in the Complaint to which it has not specifically responded.  Since Plaintiff dismissed its claims against the Other Defendants, no response to the allegations in the section of the Complaint entitled Prayer for Relief, to the extent they relate to the Other Defendants, is required.

## AFFIRMATIVE DEFENSES

1. YP has not infringed and does not infringe any valid claim of the '474 Patent, directly, indirectly (such as, contributorily or by inducement), literally, by the doctrine of equivalents, or willfully.

2. The claims of the '474 Patent are invalid for failure to satisfy the conditions for patentability set forth in Part II of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103 and/or 112.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or equitable estoppel.

5. Plaintiff's claims for relief are barred, in whole or in part, by 35 U.S.C. §§ 286 and/or 287.

6. Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for YP's alleged infringement.

7. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. On information and belief, the chain of title for the patent-in-suit includes an illegal transaction, orchestrated at the hand of the same person who is responsible for bringing this litigation. In short, John Veenstra, Plaintiff's CEO, stripped a company called CityHub of its only asset — the patent-in-suit — without informing his fellow CityHub board members or shareholders. Furthermore, YP has reason to question the authenticity of certain CityHub board materials.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, YP asserts the following Counterclaims against Plaintiff.

## PARTIES

1. YP is a Delaware limited liability company with its principal place of business at 611 North Brand Boulevard, Glendale, California, 91203.

2. Plaintiff GeoTag, Inc. claims it is a Texas corporation with its principal offices in Frisco, Texas.

## JURISDICTION AND VENUE

3. This is an action for a declaration that the claims of United States Patent 5,930,474 ("the '474 Patent") are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4. An actual, substantial, and continuing justiciable controversy exists between YP and Plaintiff with respect to which YP requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the '474 Patent and to Plaintiff's right to threaten and/or maintain a suit against YP for infringement of the '474 Patent.

5. This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '474 PATENT

7. YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

8. YP has not infringed and does not infringe any valid claim of the '474 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

9. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and YP as to whether YP has infringed or infringes any valid claim of the '474 Patent.

10. YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT II
## DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '474 PATENT

11. YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

12. The '474 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103 and/or 112.

13.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and YP as to whether there exists any valid asserted claim of the '474 Patent.

14.     YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## ATTORNEYS' FEES

15.     This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs and expenses for YP against Plaintiff pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

YP requests that this Court:

(a)     Dismiss the Complaint with prejudice;

(b)     Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against YP;

(c)     Enter judgment that YP has not infringed and does not infringe any valid claim of the '474 Patent literally, directly, willfully, contributorily, by way of inducement, and/or under the doctrine of equivalents;

(d)     Enter judgment that claims of the '474 Patent are invalid pursuant to Title 35 of the United States Code;

(e)     Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the '474 Patent against YP or any

parents, affiliates, or subsidiaries of YP or any of their respective officers, agents, employees, successors, and assigns;

(f) Enter a judgment against Plaintiff and in favor of YP in all respects;

(g) Find this case exceptional and award YP its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

(h) Award YP any other relief, in law and in equity, to which the Court finds YP is justly entitled.

## YP'S JURY DEMAND

YP demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: April 6, 2012

Respectfully submitted,

Lawrence Augustine Phillips
Texas Bar No. 15937755
larryphillips@siebman.com
**SIEBMAN, BURG, PHILLIPS, & SMITH LLP**
300 N. Travis Street
Sherman, TX 75090-9969
Telephone:  903-870-0070
Facsimile:  903-870-0066

*/s/ Timothy S. Durst*
Timothy S. Durst
Lead Attorney
Texas Bar No. 00786924
tim.durst@bakerbotts.com
Chad C. Walters
Texas Bar No. 24034730
chad.walters@bakerbotts.com
Susan Cannon Kennedy
Texas Bar No. 24051663
susan.kennedy@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 600
Dallas, Texas  75201-2980
Telephone: 214-953-6500
Facsimile: 214-953-6503

| | |
|---|---|
| Michael C. Smith<br>Texas Bar No. 18650410<br>michaelsmith@siebman.com<br>**SIEBMAN, BURG, PHILLIPS, & SMITH LLP**<br>113 E. Austin Street<br>P.O. Box 1556<br>Marshall, TX 75671<br>Telephone:  903-938-8900<br>Facsimile:  903-767-4620 | Christopher W. Kennerly<br>Texas Bar No. 00795077<br>chris.kennerly@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>620 Hansen Way<br>Palo Alto, California 94304<br>Telephone: 650-739-7502<br>Facsimile: 650-739-7601<br><br>Benjamin R. Johnson<br>Texas Bar No. 24065495<br>ben.johnson@bakerbotts.com<br>**BAKER BOTTS L.L.P.**<br>98 San Jacinto Boulevard, Suite 1500<br>Austin, TX   78701-4078<br>Telephone: 512-322-2500<br>Facsimile: 512-322-2501<br><br>**ATTORNEYS FOR YELLOWPAGES.COM, LLC.** |

## CERTIFICATE OF SERVICE

   I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 6th day of April, 2012, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail and first class mail on this same date.

                                        */s/ Susan Cannon Kennedy*
                                        Susan Cannon Kennedy