IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| GEOTAG, INC., § § *Plaintiff,* § § v. § § YELLOWPAGES.COM, LLC, *et al.*, § § *Defendants.* § | No. 2:10-cv-00272-MHS JURY TRIAL DEMANDED |

### GEOTAG, INC.'S ANSWER TO DEFENDANT YELLOWPAGES.COM, LLC'S COUNTERCLAIMS TO PLAINITFF GEOTAG, INC.'S FIRST AMENDED COMPLAINT

Plaintiff GeoTag, Inc.[1] ("GeoTag") hereby answers the Counterclaims of Defendant Yellowpages.com, LLC ("YP") to Plaintiff GeoTag, Inc.'s First Amended Complaint filed on April 6, 2012, Dkt. No. 86, by corresponding paragraph number as follows.

### ANSWER TO COUNTERCLAIMS

Unless otherwise addressed herein with an admission, Plaintiff GeoTag generally denies all allegations in the Counterclaims. Each specific allegation is addressed as follows:

### PARTIES

1. YP is a Delaware limited liability company with its principal place of business located at 611 North Brand Boulevard, Glendale, California 91203.

   **ANSWER:** Admitted.

2. Plaintiff GeoTag, Inc. claims it is a Texas corporation with its principal offices in Frisco, Texas.

   **ANSWER:** Admitted.

---

[1] GeoTag Inc. has been dissolved.

## JURISDICTION AND VENUE

3. This is an action for a declaration of the claims of United States Patent 5,930,474 ("the '474 Patent") are invalid and/or not infringed pursuant to the Patent Laws of the United States 35 U.S.C. §§ 101 *et seq*. Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Act, Title 28 United States Code §§ 2201 and 2202, and under Title 28 United States Code §§ 1331 and 1338(a).

**ANSWER:** GeoTag admits that this Court has subject matter jurisdiction over this action, but denies that YP is entitled to any relief.

4. An actual, substantial, and continuing justiciable controversy exists between YP and Plaintiff with respect to which YP requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the '474 Patent and to Plaintiff's rights to threaten and/or maintain a suit against YP for infringement of the '474 Patent.

**ANSWER:** GeoTag admits that a controversy exists between the parties, but denies the remaining allegations of Paragraph 4.

5. This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court.

**ANSWER:** Admitted.

6. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391.

**ANSWER:** Admitted.

## COUNT I
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '474 PATENT

7.   YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

**ANSWER:**   GeoTag repeats and incorporates by reference the denials and admissions of Paragraphs 1 through 6 as if fully set forth herein.

8.   YP has not infringed and does not infringe any valid claim of the '474 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

**ANSWER:**   Denied.

9.   There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and YP as to whether YP has infringed or infringes any valid claim of the '474 Patent.

**ANSWER:**   GeoTag admits that an actual controversy exists between the parties, but denies that YP is entitled to any relief.

10.   YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**ANSWER:**   Denied.

## COUNT II
## DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '474 PATENT

11.     YP realleges and incorporates by reference the foregoing allegations as though fully set forth here.

**ANSWER:**   GeoTag repeats and incorporates by reference the denials and admissions of Paragraphs 1 through 10 as if fully set forth herein.

12.     The '474 Patent is invalid for failure to comply with the requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 102, 103, and/or 112.

**ANSWER:**   Denied.

13.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and YP as to whether there exists any valid asserted claim of the '474 Patent.

**ANSWER:**   GeoTag admits that an actual controversy exists between the parties, but denies that YP is entitled to any relief.

14.     YP requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

**ANSWER:**   Denied.

### ATTORNEYS' FEES

15.     This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs and expenses for YP against Plaintiff pursuant to 35 U.S.C. § 285.

**ANSWER:** GeoTag admits that this is an exceptional case which entitles GeoTag to recover from YP GeoTag's attorneys' fees and costs incurred in connection with this action, but denies that YP is entitled to any relief.

## YP'S PRAYER FOR RELIEF

With respect to YP's prayer for relief, GeoTag denies YP is entitled to any of the relief sought by its Counterclaims.

## YP'S JURY DEMAND

YP demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

**ANSWER:** The foregoing paragraph does not require a response by GeoTag; however, should it require a response, GeoTag denies any allegations.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

As affirmative defenses, GeoTag alleges as follows:

1. YP has failed to state a claim upon which relief can be granted with respect to its counterclaims.

2. YP failed to state facts or a legal basis sufficient to permit recovery of its attorneys' fees or expenses for defending this suit.

3. GeoTag intends to rely upon any other defense that may become available in this case and hereby reserve the right to amend this Answer to assert any such defense.

Dated: April 30, 2012          Respectfully submitted,

                                           **BUETHER JOE & CARPENTER, LLC**

                                           By: */s/ Christopher M. Joe*
                                                    Christopher M. Joe (Lead Counsel)
                                                    State Bar No. 00787770
                                                    Chris.Joe@BJCIPLaw.com
                                                    Eric W. Buether
                                                    State Bar No. 03316880
                                                    Eric.Buether@BJCIPLaw.com
                                                    Brian A. Carpenter
                                                    State Bar No. 03840600
                                                    Brian.Carpenter@BJCIPLaw.com
                                                    Monica Tavakoli
                                                    State Bar No. 24065822
                                                    Monica.Tavakoli@BJCIPLaw.com
                                                    Mark D. Perantie
                                                    State Bar No. 24053647
                                                    Mark.Perantie@BJCIPLaw.com
                                                    Niky Bukovcan
                                                    State Bar No. 24078287
                                                    Niky.Bukovcan@BJCIPLaw.com

                                                    1700 Pacific Avenue
                                                    Suite 4750
                                                    Dallas, Texas 75201
                                                    Telephone:    (214) 466-1272
                                                    Facsimile:     (214) 635-1828

                                           **NI LAW FIRM, PLLC**

                                                    Hao Ni
                                                    State Bar No. 24047205
                                                    hni@nilawfirm.com

                                                    3102 Maple Avenue
                                                    Suite 400
                                                    Dallas, Texas 75201
                                                   Telephone:    (214) 800-2208
                                                   Facsimile:     (214) 800-2209

                                           **ATTORNEYS FOR PLAINTIFF GEOTAG, INC.**

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 30th day of April, 2012.  Any other counsel of record will be served by facsimile transmission.

                                            */s/ Christopher M. Joe*
                                            Christopher M. Joe